## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION

| | |
|---|---|
| DIONNA BOSTON, | Case No. |
| Plaintiff, | |
| v. | |
| TRANS UNION, LLC, | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, DIONNA BOSTON ("Plaintiff"), by and through their attorneys, hereby alleging the following against Defendant TRANS UNION, LLC. ("TRANS UNION").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in the County of Baltimore, in the City of Baltimore, in the State of Maryland.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

1

4. Defendant TRANS UNION is a corporation conducting business in the State of Maryland and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is headquartered

within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

13.     CRAs, including TRANS UNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.     On or about October 3, 2022, Plaintiff and Bank of America settled an account beginning with the account numbers 4264.

15.     Per the terms of the settlement, Plaintiff made all payments required and thereby satisfied the agreement.

16.     On or around November 3, 2025, Plaintiff received a copy of their credit report from TRANS UNION.

17.     To their surprise, despite Plaintiff's performance under the terms of the agreement, Defendant TRANS UNION reported inaccurate information regarding the Account.

18.     Specifically, TRANS UNION reported the Account as "Charged

Off." This status was inaccurate because both Plaintiff and Bank of America agreed to a payment plan to satisfy the outstanding debt and Plaintiff had met every obligation under the agreement.

19. Further, TRANS UNION failed to report the payment Plaintiff made under the terms of the agreement.

20. Additionally, TRANS UNION reported the Account inaccurately as having a balance being owed.

21. TRANS UNION's failure to report the Account correctly and failure to report the agreement between Plaintiff and Bank of America and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On November 14, 2025, Plaintiff issued a dispute by mail to TRANS UNION regarding the inaccurate information being reported on the Account.

23. Their dispute was delivered on or around November 17, 2025.

24. In their dispute letter, Plaintiff disputed the inaccurate entry in their credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

25. Further, Plaintiff included proof of the settlement and payment made to Bank of America with their dispute letter.

4

26. However, despite having received the letter and accompanying proof of payment, TRANS UNION continued to report the Account as having a current status of "Charge Off" and a balance owed.

27. TRANS UNION's continued reporting of inaccuracies regarding the Account could only be the result of its failure to conduct a reasonable investigation and failure to employ reasonable policies and procedures sufficient to prevent inaccurate information from being reported.

28. TRANS UNION's failure to conduct a reasonable investigation into Plaintiff's dispute has caused Plaintiff significant mental distress and anxiety about how their character is being portrayed in their credit report.

29. Further, because of their fear of being rejected by other creditors, Plaintiff has been unable to apply for new credit.

**COUNT I – TRANS UNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

32. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

33. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

35. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

38. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

39. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

40. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting

Act and prays for the following:

a)     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b)     Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c)     The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d)     Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: April 25, 2026

By: */s/ Jeffrey Lohman*
Jeffrey Lohman, Bar #032315
The Law Offices of Jeffrey Lohman,
PLLC
2325 Camelback Road, Suite 400
Phoenix, AZ 85016
Tele: (602) 461-7404
E-Mail: JeffL@jlohman.com

Attorneys for Plaintiff,
DIONNA BOSTON

8